WENTWORTH, Judge.
Appellant seeks review of an agency order whereby appellant’s protest of an unemployment compensation reimbursement invoice was dismissed as untimely filed. We affirm the order appealed.
In August of 1981 appellant was mailed a reimbursement invoice which expressly provided that any application for redetermina* tion must be filed within fifteen days of receipt of the invoice. Appellant did not timely seek redetermination, but in February of 1982 advised appellee that it did not consider itself obligated for reimbursement until a “fair hearing” was held. Appellant contends that the agency’s earlier failure to conduct a predetermination interview ren *502 ders the subsequent reimbursement assessment invalid. Rule 38B-2.15, Florida Administrative Code, provides that the agency shall conduct an informal predetermination fact-finding interview upon request, and the initial claim notice form advised of the availability of such procedure. Without considering whether appellant was entitled to a predetermination interview in the present case,[1] we conclude that the allegation of error in this regard should have been presented for agency consideration, in response to the reimbursement invoice, upon a timely application for redetermination.
Appellant having failed to preserve the issue for judicial review, the order appealed is affirmed.
SHIVERS and JOANOS, JJ., concur.

. The claim notice form provided that:
You may request a predetermination interview to present your statements in person regarding the separation or you may reply by completing section A above.
Appellant both replied by completing section A and requested a predetermination interview. Appellant was subsequently advised that an initial determination of eligibility had been made, and that upon receipt of a reimbursement invoice appellant would “have an opportunity to protest at that time if they [sic] believed benefits .were paid in error.”